# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2011

No. 10-31002
Summary Calendar

Lyle W. Cayce
Clerk

BRYAN WAYNE JACK,

Plaintiff - Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana, Lafayette
USDC No. 6:09-CV-1431

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:*

Bryan Wayne Jack appeals the district court's judgment affirming the Commissioner of Social Security's decision that he is not entitled to Social Security disability benefits. Because the Commissioner applied the correct legal standards and because there is substantial evidence to support the decision, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-31002

I.

In March 2006, Mr. Jack injured his back while lifting heavy tools at work. He had surgery for a herniated disc in August 2006, but continued to have problems. He underwent a second surgery in February 2007. Unfortunately, he continued to have pain following the surgery, despite participating in a wellness program and undergoing a significant amount of physical therapy. A nerve conduction study was conducted in April 2007, which revealed that Mr. Jack had mild chronic radiculopathy. A psychologist examined Mr. Jack in July 2007, and reported that tests indicated that Mr. Jack was not exaggerating his symptoms and that there was no indication of malingering.

Mr. Jack applied for Social Security disability benefits in March 2007, alleging that he had been disabled since March 2006. The Social Security Administration denied his claim and he requested a hearing before an Administrative Law Judge ("ALJ").

Mr. Jack testified at the hearing in September 2008 that he suffered from pain every day, although the level of pain varied from day to day. He stated that his pain was relieved by use of his TENS unit and pain medication and muscle relaxers that his doctor had prescribed. He testified that he took pain medication at some point every day, and that the pain medication and muscle relaxers made him drowsy and interfered with his ability to concentrate. He testified that he could not drive after taking the pain medication because it made him drowsy.

A vocational expert testified, in response to a hypothetical question posed by the ALJ, that there were a significant number of jobs in the national economy that Mr. Jack could perform. However, the ALJ did not include in the hypothetical question the effect that Mr. Jack's medication use had on his ability to stay awake and concentrate. When those factors were added during

No. 10-31002

questioning by Mr. Jack's attorney, the vocational expert testified that Mr. Jack would not be able to work if the medication were taken on a daily basis.

Following the hearing, the ALJ found that Mr. Jack's impairments prevented him from working from March 10, 2006, through December 10, 2007, but that he was able to perform sedentary work after December 10, 2007. The ALJ's decision became the Commissioner's final decision after the Appeals Council denied Mr. Jack's request for review. The district court adopted the magistrate judge's report and recommendation and affirmed the decision of the Commissioner. Mr. Jack filed a timely notice of appeal.

II.

Mr. Jack contends on appeal that the Commissioner's denial of benefits for the period after December 10, 2007, is not supported by substantial evidence, because the ALJ breached his duty to fully and fairly develop the facts relating to the claim. Specifically, he contends that the ALJ's hypothetical question to the vocational expert was defective because it omitted any mention of Mr. Jack's testimony that his daily medication makes him drowsy and interferes with his ability to concentrate. He contends further that the ALJ ignored the vocational expert's testimony that Mr. Jack would not be able to work if he experienced those side effects from the medication on a daily basis. He argues that, by implicitly finding that Mr. Jack does not need the medication, the ALJ effectively substituted his own opinion for that of Mr. Jack's treating physician.

We review the Commissioner's decision only to ascertain whether it is supported by substantial evidence and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). We may not re-weigh the evidence or substitute our judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision.

No. 10-31002

Mr. Jack argues that the Commissioner's decision that Mr. Jack was capable of performing sedentary work after December 10, 2007, is not supported by substantial evidence because the ALJ relied on testimony elicited by a defective hypothetical question, and failed to take into account the expert's testimony that the side effects of Mr. Jack's medication would prevent him from working. Based on our review of all of the evidence, however, we find that the ALJ's hypothetical question to the vocational expert contained all of the limitations supported by the record.

The medical evidence contains no mention of any complaints by Mr. Jack about the side effects of his medication. Although a psychological report in July 2007 mentions Mr. Jack's problems with concentration and attention, fatigue, and problems in decision making, there is no reference in that report to any association between those problems and any medication that Mr. Jack was taking. Instead, the psychologist stated that Mr. Jack's psychological stressors resulted from his physical discomfort and his inability to provide for his family. Even assuming that such an association between Mr. Jack's medication and those problems might be inferred, the psychologist's report was prepared in July 2007, at a time when the ALJ found Mr. Jack to be unable to work. There is no mention of those problems in the psychologist's reports after December 10, 2007. There is no evidence that Mr. Jack was ever prescribed muscle relaxers for use during the day, but only at bedtime, and no evidence that they were prescribed after December 2007. In addition, there is no evidence that pain medication was prescribed after December 2007. An "Attending Physician's Statement" prepared for an insurance company by Mr. Jack's treating physician on October 2, 2007, lists only one prescription medication— Ambien, a sleep aid. Mr. Jack's treating neurosurgeon reported on December 10, 2007, that Mr. Jack's deep tendon reflexes were brisk and symmetrical, straight leg raising was negative on both sides, and that Mr. Jack told him that "he has intermittent episodes of

No. 10-31002

pain and paresthesias in his leg, but he can perform most of his activities of daily living without any major discomfort." Another neurosurgeon from whom Mr. Jack got a second opinion reported in September 2007 that Mr. Jack should be retrained for sedentary or light work.

In sum, the medical evidence does not support Mr. Jack's contention that the ALJ's hypothetical question to the vocational expert was defective, or that the ALJ substituted his opinion regarding Mr. Jack's need for medication for that of Mr. Jack's treating physician.

## III.

We conclude that the Commissioner's decision is supported by substantial evidence and resulted from application of the appropriate legal standards. Accordingly, the decision of the district court affirming the Commissioner's denial of benefits is

AFFIRMED.